TEXTO COMPLETO DE LA SENTENCIA
Comparece ante nos el peticionario Sr. Antonio Acevedo Annoni (Sr. Acevedo) solicitando que revoquemos la resolución emitida por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan (Hon. Jorge Orama Monroig, Juez) el 26 de abril de 2002 y notificada el 30 de abril de 2002. Mediante dicha resolución, el TPI declaró no ha lugar la recusación que de la Hon. María Milagros Rodríguez de Vivoni interpusiera el peticionario. Evaluado con detenimiento el expediente y ponderado el derecho aplicable, se expide el auto de certiorari solicitado y se confirma la resolución recurrida.
I
El 2 de mayo de 1998, la Sra. Liz Marissa Muriente Colón (Sra. Muriente) y el peticionario contrajeron matrimonio, habiendo procreado una niña nacida el 15 de septiembre de 1998. El matrimonio terminó por sentencia de divorcio por la causal de consentimiento mutuo dictada el 7 de julio de 2000 en el caso KDI-2000-1498. A tenor con la referida sentencia, la Sra. Muriente retendría la custodia de la menor y ambos padres compartirían la patria potestad. Además, se reglamentaron las relaciones patemo-filiales.
El 15 de agosto de 2001, la Sra. Muriente presentó, por derecho propio, ante la Sala Superior de Relaciones de Familia de San Juan una moción solicitando que se suspendieran las relaciones patemo-filiales. Adujo como fundamento un incidente de actos lascivos alegadamente cometidos por el Sr. Acevedo contra la menor. En igual fecha, la Sra. Muriente presentó ante la Sala de Investigaciones de San Juan una petición de orden protectora al amparo de la Ley Núm. 54 de 15 de agosto de 1989, Ley para la Prevención e Intervención con la Violencia Doméstica, alegando maltrato del Sr. Acevedo a su persona. Luego de los procedimientos de rigor, el juez de la Sala de Investigaciones emitió una orden de protección y suspendió inmediatamente las relaciones patemo-filiales.
Considerada la primera moción de 15 de agosto de 2001, el Hon. Miguel J. Fabre Ramírez, por orden de 27 de agosto de 2001, notificada el 29 de agosto de 2001, dispuso que el caso fuese referido urgentemente a la Oficina de los Trabajadores Sociales de Relaciones de Familia para la preparación de un informe y recomendaciones. En dicha orden también señaló una vista a ser celebrada el 26 de septiembre de 2001. Así las cosas, el 13 de septiembre de 2001, el Sr. Acevedo, representado por los Ledos. Guillermo J. Ramos Luiña y Nelson Pérez Domínguez del bufete Rivera, Tulla & Ferrer, solicitó que se dejara sin efecto la orden de protección y que se restablecieran de inmediato las relaciones patemo-filiales.
*685 Como resultado de la vista celebrada el 26 de septiembre de 2001, el TPI dejó sin efecto la orden de protección emitida en contra del peticionario y ordenó el restablecimiento de las relaciones patemo-filiales bajo la supervisión y en presencia de la Sra. Muriente, mientras se rendía el informe social requerido.
Posteriormente, por moción de 18 de octubre de 2001, el peticionario se quejó de ciertos incidentes alegadamente ocurridos en la primera visita celebrada en la casa de la Sra. Muriente, razón por la cual pidió que las visitas se llevaran a cabo bajo la supervisión de la trabajadora social a cargo del caso.
Por orden notificada el 30 de octubre de 2001, el Juez Fabre Ramírez concedió plazo a la trabajadora social para informar su posición en tomo a la petición del Sr. Acevedo, sometiendo ésta, el 6 de noviembre de 2001, un plan de relaciones patemo-filiales a llevarse a cabo algunos viernes durante una hora en su oficina. En respuesta, el Juez Fabre Ramírez requirió de los abogados coordinar las visitas con la trabajadora social.
A tenor con lo previamente ordenado, el 15 de enero de 2002, la Trabajadora Social, Sra. Milagros A. Ayala Cruz (Sra. Ayala), presentó escrito titulado “Notificación Sobre Informe Social”, comunicando que el informe estaba disponible. Surge del propio documento que éste fue notificado a la Sra. Muriente y al Sr. Acevedo.
Mediante Orden Administrativa número 227 de 18 de enero de 2002, el Juez Administrador del Centro Judicial de San Juan reasignó al Juez Fabre Ramírez a una sala de asuntos de lo civil y asignó a la Hon. María M. Rodríguez de Vivoni a presidir la Sala de Relaciones de Familia que hasta ese momento había dirigido el primero. 
El 7 de marzo de 2002, la Juez Rodríguez de Vivoni emitió orden notificada el 8 de marzo de 2002, a través de la cual requirió mantener sellado y con carácter confidencial el informe preparado por la Trabajadora Social, Sra. Ayala, en la oficina de ésta en el Tribunal de San Juan. Especificó que los representantes legales de las partes podían tener acceso al referido informe mediante cita previa con dicha funcionaría. Además, prohibió "... sacar copia del informe o mostrarlo a nadie que no sean las personas autorizadas previamente por el Tribunal.”
En igual fecha, Rivera, Tulla & Ferrer, a través del Ledo. Guillermo Ramos Luiña, presentó una demanda en representación de José A. Soto Hernández ante el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (“Tribunal Federal”) titulada José A. Soto-Hernández v. Miguel A. Pereira, Pierre E. Vivoni, Wanda M. Rocha Santiago, César Gracia Ortiz, José R. Ayala Nazario and Pablo Rodríguez Guzmán, Civil No. 02-1352 (HL). Entre los demandados figura el Hon. Pierre E. Vivoni, esposo de la Juez Rodríguez de Vivoni. 
En el referido caso federal, el Sr. Sotó alegó que sus derechos civiles y constitucionales habían sido violados por los demandados. Expuso que era miembro de la Policía de Puerto Rico y como tal, un empleado de carrera de dicho departamento, quien solamente podía ser despedido por justa causa. Como remedios, solicitó al Tribunal Federal que emitiera un injunction preliminar y luego permanente ordenando a los demandados a cesar y desistir de cualquier procedimiento sobre la terminación de su empleo; que dictara sentencia declarando nulo el Art. 14, Sección 14.6(2) del Reglamento de la Policía; que concediera los salarios y demás beneficios dejados de percibir y daños compensatorios y punitivos.
La demanda aduce que se incluye al Hon. Pierre E. Vivoni como demandado por haber fungido como Superintendente de la Policía entre los meses de enero a noviembre de 2001 y por razón de que era la persona responsable de implantar la Ley de la Policía de. 1996, al igual que toda la reglamentación relativa al empleo y despido de los agentes de la Policía durante dicho período. Véase párrafo 3.4 de la demanda, Apéndice pág. 43. Expone, además, que todos los demandados, excepto el Hon. Pierre E. Vivoni, han actuado so color de *686 autoridad en violación a las leyes y reglamentos aplicables. Párrafo 3.9 de la demanda, Apéndice pág. 44. Finalmente, enuncia que todos los demandados han sido incluidos en sus capacidades oficiales e individuales, salvo el Hon. Pierre E. Vivoni, quien se incluye únicamente en su capacidad personal. Ibid. De los autos surge que el Juez Vivoni fue emplazado el 12 de marzo de 2002.
Así las cosas, en el caso de autos, el peticionario Sr. Acevedo presentó el 25 de marzo de 2002 ante la Sala de Relaciones de Familia escrito jurado titulado “Moción en Solicitud de Inhibición En el mismo requirió la recusación de la Juez Rodríguez de Vivoni fundamentada en que la firma de abogados del peticionario, Rivera, Tulla & Ferrer, a través del Ledo. Ramos Luiña, había presentado una demanda en representación del Sr. Soto Hernández incluyendo como demandado al esposo de la juez. El Sr. Acevedo planteó que dicho hecho inhabilitaba a la Juez Rodríguez de Vivoni para actuar en su caso, a tenor con la Regla 63.1 (a) y (e) de las Reglas de Procedimiento Civil, 32 LPRA Ap. m, R. 63.1.
Por moción presentada el 3 de abril de 2002, el peticionario solicitó copia de los informes rendidos por las trabajadoras sociales del caso, con el propósito de que su perito evaluase los mismos. Explicó que los abogados habían acudido el 11 de marzo de 2002 a la oficina de la Trabajadora Social Sra. Ayala, quien por carecer de tiempo en su calendario no les pudo mostrar el informe. Mencionó que en vista de ello acordaron la fecha del 20 de marzo de 2002. Aclaró que en el día pautado, los abogados se personaron con su perito a la oficina de la Sra. Ayala, quien les informó que sólo éstos podían ver el informe, por lo que el perito se tuvo que retirar. Relató también que estando examinando el informe, llegó la Sra. Muriente para entregar a la Sra. Ayala otro informe relacionado al caso de autos preparado por otra trabajadora social de nombre Ana Jorge García del Centro Interdisciplinario de Servicios Humanos. Expresó que, entonces, la Sra. Ayala solicitó a la Juez Rodríguez de Vivoni autorización para mostrar a los abogados ese otro informe, el que éstos pudieron examinar esa misma mañana. No empece, el peticionario se quejó de que la coordinación con la Trabajadora Social Ayala para que se le proveyeran las copias de los informes resultaba onerosa y "... raya[ba] en la inconstitucionalidad”. Apéndice pág. 58.
Debido a que la Hon. Juez Rodríguez de Vivoni no se inhibió, el 12 de abril de 2002, la Hon. Milagros Rivera Guadarrama, Jueza Subadministradora de la Sala Superior de San Juan, refirió la moción de inhibición presentada por el peticionario al Hon. Jorge Orama Monroig para que éste la resolviera. Mediante resolución notificada el 30 de abril de 2002, dicho magistrado denegó la inhibición solicitada.
Inconforme con dicha resolución, el Sr. Acevedo presentó la Petición de Certiorari de autos el 30 de mayo de 2002, aduciendo la comisión por el TPI de un único error, á saber:

“ERRO EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA SOLICITUD DE INHIBICION DE LA HON. JUEZ RODRIGUEZ DE VIVONI. ”

El 20 de junio de 2002, concedimos plazo a Sra. Muriente para expresarse en cuanto a los méritos del recurso. Conforme a lo ordenado, dicha parte presentó el 17 de julio de 2002 escrito titulado “Comparecencia en Cumplimiento de Orden”. Teniendo el beneficio de ambas comparecencias, pasamos a resolver.
II
La imparcialidad con la cual los jueces deben proceder es de tan gran importancia que se requiere que cuando existan circunstancias que tiendan a minar la confianza pública en el sistema de justicia, así como razonablemente arrojar dudas sobre la objetividad para adjudicar, el juez o jueza deba inhibirse de actuar en el pleito o procedimiento. Cánones XI y XU (g) de los Cánones de Etica Judicial, 4 LPRA Ap. IV-A, C. XI y XII.
Además, la doctrina exige que el juez o jueza no sólo sea imparcial, sino que su conducta excluya toda *687 posible apariencia de parcialidad. Igualmente, se ha determinado que la imputación de parcialidad debe estar basada en hechos que produzcan duda razonable sobre la imparcialidad del juez o jueza hacia el litigante o sus abogados. De este modo, se ha resuelto que los tribunales de justicia tienen el deber de velar que la balanza en la cual se pesan los derechos de todos los ciudadanos esté libre de sospechas, aun cuando las mismas sean infundadas. In re: Colton Fontán, 2001 JTS 117, Opinión de 8 de agosto de 2001.
La Regla 63.1 de las Reglas de Procedimiento Civil vigentes, 32 LPRA Ap. m, R. 63.1, que regula las causas de inhibición o recusación de un juez, dispone:

“A iniciativa propia, o a recusación de parte, un juez deberá inhibirse de actuar en un pleito o procedimiento en cualquiera de los casos siguientes:

(a) Por estar interesado en su resultado o tener prejuicio o parcialidad personal hacia cualquiera de las partes o su abogado.

(b) Por existir parentesco de consanguinidad o afinidad con cualquiera de las partes o de sus abogados dentro del cuarto grado.

(c) Por haber sido abogado o consejero de cualquiera de las partes o sus abogados en el pleito pendiente ante él, o fiscal en una investigación o proceso criminal donde los hechos fueren los mismos que habrían de ser sometidos a su resolución.

(d) Por existir una relación de amistad de tal naturaleza ante el juez y cualquiera de las partes o sus abogados que pueda frustrar los fines de la justicia.

(e) Por cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia. ” (Enfasis nuestro.)
Por su parte, la Regla 63.2 de Procedimiento Civil, 32 LPRA Ap. m, R. 63.2, requiere que cualquier recusación sea jurada y exponga “los hechos en que se funda”. Además, señala que deberá ser presentada tan pronto el solicitante advenga en conocimiento de la causa de recusación.
El Canon XI de los Cánones de Etica Judicial, 4 LPRA Ap. IV-A, C. XI, establece que “[e]l Juez no solamente ha de ser imparcial, sino que su conducta ha de excluir toda posible apariencia de que es susceptible de actuar a base de influencias de personas, grupos o partidos, o de ser influido por el clamor público, por consideraciones de popularidad o notoriedad, o por motivaciones impropias. Ha de tener siempre presente que su único empeño debe ser el de impartir justicia de conformidad con el derecho aplicable, con absoluta ecuanimidad, y sin preocuparle el reconocimiento que pueda darse a su labor; ni la crítica injusta... ”.
El Canon XII de los Cánones de Etica Judicial, 4 LPRA Ap. IV-A, C. XII, de similar redacción a la Regla 63.1 de las de Procedimiento Civil, dispone, en su parte pertinente, que:

“La Jueza o el Juez no debe entender en procedimiento judicial alguno en que la ley le prohíba actuar, incluyendo, pero sin limitarse a, cualesquiera de los casos siguientes:

(a) Por tener prejuicio o parcialidad hacia cualesquiera de las personas, los abogados que intervengan en el pleito o por haber prejuzgado el caso.

[[Image here]]

*688
(g) Por cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia.

El Juez o la Jueza deberá inhibirse tan pronto conozca de la causa de inhibición mediante resolución escrita en la que hará constar dicha causa, con notificación de la misma a todas las partes. ”

En Elizabeth Ruiz Rivera v. Pepsico de Puerto Rico, Inc., 99 JTS 95, Opinión de 16 de junio de 1999, el Tribunal Supremo tuvo oportunidad de interpretar el inciso (e) de la Regla 63.1 de Procedimiento Civil. Resolvió que la imputación de parcialidad o prejuicio fundamentada en dicho inciso "... debe cimentarse en cuestiones personales serias, no triviales ni judiciales; es decir una actitud originada extrajudicialmente en situaciones que revistan sustancialidad. Pueblo v. Maldonado, 96 DPR 897 (1969). Su existencia ha de determinarse a la luz de la totalidad de las circunstancias, desde la perspectiva de la mítica figura del buen padre de familia. Cuevas Segarra, Práctica Procesal Puertorriqueña, pág. 429.” (Enfasis en el original.)
En dicho caso, el Tribunal Supremo igualmente determinó que la incomodidad personal que pudiese tener un abogado al litigar un caso ante una jueza contra la cual el letrado se opuso activamente en su renominación, no puede ser base para forzar la inhibición. Elizabeth Ruiz Rivera v. Pepsico de Puerto Rico, supra. Señaló que ello, sin más, impondría en todos los jueces la onerosa carga de la inhibición compulsoria en los casos en que comparecieran a postular abogados miembros de la Comisión de Nombramientos Judiciales del Colegio de Abogados o del Senado de Puerto Rico relacionados de una u otra forma con el trámite de evaluación y confirmación del juez o jueza para dicho cargo.
De otro lado, en In re: Fernando Campoamor Redín, 2000 JTS 25, Opinión de 24 de enero de 2000, el Tribunal Supremo analizó la similaridad entre los preceptos éticos consagrados en el Canon XI de Etica Judicial y los de la Sec. 455(a) del Código Judicial Federal, 28 USC See. 455. Dicho código establece que cualquier juez o magistrado de los Estados Unidos deberá inhibirse de entender en procedimientos en los cuales su imparcialidad puede ser razonablemente cuestionada. Señaló el Tribunal Supremo que “[e]l estándar utilizado en el ámbito federal para la aplicación de este estatuto es uno objetivo: si una persona razonable, con conocimiento de todas las circunstancias, tendría dudas sobre la imparcialidad del juez. (Citas omitidas).” 2000 JTS_, pág. 592.
Cónsono con lo anterior, en su voto de inhibición en Alexandra M. Andino Torres, Ex-Parte, 2000 JTS 176, el Juez Asociado Sr. Efraín Rivera Pérez resumió que el inciso (e) de la Regla 63.1 de Procedimiento Civil debe ser analizado desde el punto de vista de un “observador razonable, bien informado, con el conocimiento de todos los datos y circunstancias relevantes al caso, incluyendo aquéllas que son de conocimiento general, como las que no están a la luz pública. Se recomienda examinar: (1) los hechos pertinentes; (2) el récord del caso; y (3) la ley aplicable. La imputación de parcialidad debe ser basada en hechos que produzcan duda razonable sobre la imparcialidad del juez en la mente de una persona razonable, no desde el punto de vista del juez, los litigantes o sus abogados”. Cita a la pág. 365.
Un reputado tratadista ha interpretado el estándar de una “persona razonable” como medida para evaluar la inhibición de un juez de la siguiente manera:

“It should be borne in mind, however, that while judicial disqualification is ordinarily to be determined in accordance with the perception of a reasonable, objective observer, the reasonable person standard does not allow recusal to be undertaken lightly. The mere ‘sound of controversy’ does not automatically create a disqualifying appearance of judicial bias.

It is generally agreed, moreover, that the imaginings of one who is highly suspicious of others, or who is highly sensitive, are irrelevant. Thus, while the reasonable lay observer — not a reasonable member of the *689 judiciary — provides the applicable frame of reference for deciding appearance of bias motions in most jurisdictions, more than a subjective fear of impropriety is required before disqualification will be mandated under the objective standards (Enfasis nuestro.) Richard E. Flamm, Judicial Disqualification: Recusal and Disqualification of Judges, Little, Brown & Company, 1996, pág. 165.
Según el referido autor, al resolver si procede la inhibición o recusación de un juez o jueza, el tribunal debe analizar y examinar el récord, los hechos y la ley. Entonces, debe decidir si una persona razonable, completamente informada de los hechos y las circunstancias por las cuales se solicitó la inhibición, debería concluir que la imparcialidad del juez o jueza de que se trate puede razonablemente estar comprometida, aunque no haya habido una demostración de prejuicio o imparcialidad. Flamm, Op. Cit, a las págs. 172 y 173.
Respecto al punto de vista del litigante, Flamm concluye que “... in the absence of a statute that requires the court to consider the allegations of bias from the point of view of the litigant, the subjective belief or fear of a party or his counsel that a judge may be biased is ordinarily not deemed to be legally sufficient to support a well-founded disqualification motion”. Flamm, Op. Cit, págs. 161-162.
Ill
A la luz del derecho aplicable, procede que evaluemos los fundamentos aducidos por el peticionario para sustentar la recusación de la Hon. Juez Rodríguez de Vivoni. Debemos así determinar si éstos son suficientes para generar duda sobre la imparcialidad de dicha juez en la mente de una persona razonable o de un buen padre de familia, que la inhabiliten, a su vez, para entender en el caso del peticionario.
Los hechos que enmarcan la solicitud de recusación se limitan a la presentación de la demanda del Sr. Soto Hernández en el Tribunal Federal por los abogados del peticionario Sr. Acevedo en contra de varios funcionarios y ex funcionarios del Estado Libre Asociado, entre los cuales se encuentra el esposo de la juez. Razona el peticionario que “... estando demandado el esposo de la Hon. Juez Rodríguez Vivoni en su capacidad personal y siendo la firma Rivera, Tulla & Ferrer, mediante el Ledo. Ramos Luiña, quien representa al demandante en el Tribunal Federal, procede la inhibición de la Juez Rodríguez de Vivoni en el caso de autos. Es ésta precisamente el tipo de situación contemplada por la Regla 63.1(e) de Procedimiento Civil que puede razonablemente arrojar dudas sobre la imparcialidad de la Juez Rodríguez de Vivoni para adjudicar el delicado asunto que se plantea en autos. ... ”. Apéndice pág. 36.
Del análisis de tales hechos destaca que las partes y los asuntos tratados en el caso federal y en el de autos son totalmente distintos y que el único nexo entre ambos casos son los abogados que en uno y otro son los mismos, a saber: el bufete Rivera, Tulla & Ferrer, a través del Ledo. Guillermo Ramos Luiña. La única relación de dicho caso con la juez es que el esposo de ésta figura como demandado únicamente por haber sido Superintendente de la Policía en el período a que se refiere la demanda. De lo anterior se deduce razonablemente que tales hechos con relación a la Juez Rodríguez de Vivoni resultan remotos y fuera del control de la juez.
Por otro lado, la moción de inhibición no articula o siquiera menciona actuación alguna de la magistrado Rodríguez de Vivoni hacia el Sr. Acevedo o a la copeticionaria o sus respectivos abogados que denote su parcialidad hacia alguno ellos. Al contrario, la única actuación de la Juez Rodríguez de Vivoni en este caso fue emitir la orden de 7 de marzo de 2002 que, conforme a la ley, salvaguarda la confidencialidad y el acceso a los informes de las trabajadoras sociales en los casos de relaciones de familia. Por los propios dichos del peticionario y sus abogados, éstos pudieron examinar inclusive otro alegado informe preparado por otra trabajadora social, Sra. Jorge, relacionado al caso, presumiblemente luego de que la juez así lo autorizara. Apéndice pág. 58.
Las razones aducidas para la recusación-de la juez, más bien reflejan la incomodidad de los abogados y el *690 peticionario con el trámite ante la trabajadora social para obtener acceso a los informes, maximizada por el sensitivo asunto a ser dilucidado entre las partes.
Ciertamente, la incomodidad y sentir subjetivos de los abogados ya han sido descartados por el Tribunal Supremo en Ruiz v. Pepsico, supra, como un fundamento de recusación o inhibición de un juez al amparo de la Regla 63.1(e) de Procedimiento Civil. Igualmente, la doctrina no apoya la sensibilidad de un litigante como el estándar para evaluar la recusación de un juez.
Acceder a recusar a un juez a base de tales fundamentos conllevaría la inhibición o recusación de un magistrado cada vez que un abogado o una parte en un caso se sintiera incómodo de postular ante un juez o jueza por cualquier razón, aunque la misma sea remota o no tenga relación alguna con el pleito ante su consideración. Adviértase que el estándar adoptado por el Tribunal Supremo de Puerto Rico para evaluar la moción de inhibición es el de una persona razonable o un buen padre de familia y no el punto de vista del litigante o el de sus abogados.
De otra parte, no podemos pasar por alto que la propia demanda del Sr. Soto Hernández menciona que el esposo de la juez se incluye como demandado debido a las actuaciones de éste cuando se desempeñaba como Superintendente de la Policía. Además, el reparo del peticionario en tomo a que la sociedad de gananciales de la juez se vería afectada, se desvanece ante el claro texto de la Ley 9 de 26 de noviembre de 1975, según enmendada. Véase Petición de Certiorari pág. 15. Como se sabe, acorde con dicha ley, todo ex funcionario del Estado Libre Asociado demandado en su carácter personal por alegadas violaciones a los derechos civiles tiene el derecho de solicitar que el Estado Libre Asociado le provea representación profesional y que posteriormente asuma el pago de cualquier sentencia que pueda recaer sobre su persona. 32 LPRA See. 3085, Suplemento para 2001.
Merece ser mencionado que el peticionario utiliza como fundamento adicional para sustentar la procedencia de la inhibición de la juez, la naturaleza delicada de la controversia que ésta deberá atender. El derecho aplicable tampoco sostiene la posición del peticionario. El hecho de que el asunto a ser resuelto sea sensitivo, en nada razonablemente desvirtúa la imparcialidad de la juez en atenderlo, porque su esposo haya sido incluido como demandado por los abogados del peticionario en otro caso.
A tenor con el análisis anterior, concluimos que los hechos aducidos por el peticionario para solicitar la inhibición de la Juez Rodríguez de Vivoni no son suficientes para que una persona razonable genere duda sobre la imparcialidad de dicha magistrada. No es razonable concluir de ellos que una persona sensata colija automáticamente la existencia de parcialidad de la Juez Rodríguez de Vivoni. No es ésta la situación que la jurisprudencia contempla como causa de inhibición a tenor con el inciso (e) de la Regla 63.1 de Procedimiento Civil.
Finalmente, el peticionario menciona, como fundamento adicional de la inhibición solicitada, el inciso (a) de la Regla 63.1. No obstante, el Sr. Acevedo no elabora dónde radica el alegado interés de la juez en el resultado, como tampoco enuncia los hechos que sustentan el aducido prejuicio o parcialidad personal de la magistrado hacia la parte o sus abogados. Tales imputaciones constituyen meras especulaciones, las cuales no pueden ser tomadas como una posible causa de recusación. Véase In re: Lcdo. Juan R. Marchand Quintero, 2000 JTS 145, Opinión Per Curiam de 14 de septiembre de 2000.
A base del análisis que antecede, es forzoso concluir que el TPI no cometió el error apuntado por el peticionario al declarar sin lugar la Moción de Inhibición presentada el 25 de marzo de 2002.
IV
Por los fundamentos anteriores, se expide el auto de certiorari solicitado y se confirma la resolución de 26 *691 de abril de 2002, notificada el 30 de abril de 2002.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau Secretaria General
ESCOLIOS 2003 DTA 13
1. Resolución de 26 de abril de 2002, pág. 5. Apéndice, pág. 70.
2. Determinación de hecho Núm. 1 de la Resolución de 26 de abril de 2002. Apéndice, pág. 67.
3. Tomamos conocimiento judicial de que el Hon. Pierre E. Vivoni se desempeña como Juez de Apelaciones. Regla 11(A) (1) de las Reglas de Evidencia, 32 LPRA Ap. IV, R. 11.
4. Inicialmente, este caso fue asignado al Panel I del Circuito Regional I de San Juan. Por inhibición de la Hon. Liana Fiol Matta, el caso fue referido al Panel II del mismo circuito regional.